```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


WILLIAM QUARLES, JR., VANESSA  )
JONES, and WILLIAM QUARLES, SR.)
                               )
           Plaintiffs          )
                               )
      v.                       )   Case No. 2:04 cv 22
                               )
CITY OF GARY, et al.,          )
                               )
           Defendants          )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Order that Defendants Cooperate in the Taking of Chief Watson's Deposition filed by the plaintiffs, William Quarles, Jr., William Quarles, Sr., and Vanessa Jones, on June 30, 2005. For the reasons set forth below, the motion is **DENIED**.

### Background

On November 17, 2001, William Quarles, Jr. was shot by City of Gary police officers while the police were taking him into custody. Following this event, Quarles, Jr. and his parents, William Quarles, Sr. and Vanessa Jones, sued the City of Gary and several officers for violations of their constitutional rights.

On June 24, 2005, plaintiffs' counsel deposed Gary Chief of Police Garnett Watson. During the deposition, defense counsel objected to a number of questions posed to Chief Watson and instructed Watson not to answer on the basis of relevancy. In the plaintiffs' motion, the plaintiffs certify those questions to the court and seek an order directing Chief Watson to answer. In

their response, the defendants request that the court limit the scope of the deposition.

## Discussion

The resolution of this dispute requires reference to both the Federal Rules of Civil Procedure and the Standards of Professional Conduct Within the Seventh Federal Judicial Circuit. Rule 26(b) allows discovery of all matters that are "relevant to a claim or defense of any party," and not privileged. Rule 30(d)(1) echoes the breadth of discovery permitted by Rule 26 by permitting objections to be stated during a deposition, but limiting when a person may instruct a deponent not to answer to circumstances "necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." Finally, the Standards of Professional Conduct governing depositions in federal lawsuits supplement both Rule 26 and Rule 30. Among other provisions directed at proper conduct during depositions, the Standards state that counsel:

> . . . will not obstruct questioning during a deposition or object to a deposition question unless necessary under the applicable rules to preserve an objection or privilege for resolution by the court.
>
> . . . will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action.
>
> *See* Standards of Professional Conduct Within the Seventh Federal Judicial Circuit, *available at* http://www.ca7.uscourts.gov/Rules/rules.htm#standards (last visited Aug. 4, 2005)

By practicing in a federal court with the Seventh Circuit, all counsel agree to comply with these Standards, as well as with the Federal Rules.

In this instance, it was improper for defense counsel to direct Chief Watson not to answer on the basis of relevancy. *See* Rule 30(d)(1). However, the questions which the plaintiffs certify to this court plainly are outside the scope of discovery established by Rule 26(b). Specifically, the questions, "Why did you leave the public safety position to become chief of police?" and "who appoints that commission?" simply have no bearing on the prosecution or defense of this action. (Garnett Watson Dep. pp. 16, 21) As such, the court declines to instruct Chief Watson to answer these questions.

The plaintiffs request the court to rule on two additional exchanges between defense and plaintiffs' counsel. In the first exchange, plaintiffs' counsel asks "Is it that you simply - that would be something that you simply would not have time to review those records?" In the second exchange, defense counsel objects to questioning regarding the hierarchy of the current administration, which apparently has changed since November 17, 2001. (Watson Dep. p. 50) Because the plaintiffs do not provide any context for the first exchange, including what records the plaintiffs' counsel is referencing, the court must deny the plaintiffs' motion on this question. Similarly, the court denies the plaintiffs' motion on the second exchange because it does not state a question on which the court could rule.

3

Although the court declines to enter an order limiting the scope of Chief Watson's deposition under Rule 30(d)(4), the plaintiffs are cautioned not to treat the court's resolution of this dispute as a license to seek information not relevant to the claims and defenses in this case.  The court further reminds all counsel to comply with the Federal Rules of Civil Procedure and Standards of Professional Conduct.

_____

For the reasons set forth above, the Motion for Order that Defendants Cooperate in the Taking of Chief Watson's Deposition filed by the plaintiffs, William Quarles, Jr., William Quarles, Sr., and Vanessa Jones, on June 30, 2005 is **DENIED**.

ENTERED this 15th day of August, 2005

s/ ANDREW P. RODOVICH
United States Magistrate Judge

4